UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-20579-Civ-COOKE/GOODMAN

DAYAMI HERNANDEZ, individually, and
and DAYAMI HERNANDEZ and JESSICA
FERNANDEZ, as Co-Personal Representatives
of the Estate of M.A.F.,

  *Plaintiffs*,

v.

UNITED STATES OF AMERICA

  *Defendant*.

_____

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

  It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendants and the parties' attorneys signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

  1. The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action and appeal under the terms and conditions set forth in this Stipulation.

  2. This Stipulation is not, is in no way intended to be, and should not be, construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees,

Page 1 of 14

and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the sum of $1,250,000.00 (One Million Two Hundred Fifty Thousand Dollars and no cents), hereinafter "Settlement Amount" as follows:

a. Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) an order approving the settlement on behalf of the estate; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a request to the Health Resources and Services Administration, Department of Health and Human Services, requesting that a check for the Settlement Amount, made payable to DAYAMI HERNANDEZ and JESSICA HERNANDEZ, be delivered to the United States Attorney's Office for the Southern District of Florida to hold until Plaintiffs have obtained an Order from the United States District Court for the Southern District of Florida dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States. Upon entry of said Order, the United States will tender said check to Plaintiffs' attorney.

b. With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund (or an equivalent fund or account) or into a structured settlement

annuity company's account. Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have cashed the Settlement Amount check, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified annuities and they agree they will not attempt to purchase such annuities.

c. Plaintiffs agree to endorse the Settlement Amount check over to their attorney to be deposited in their attorney's client trust account to facilitate the disbursement of the Settlement Amount as authorized by the approving court.

d. The parties agree that any attorneys' fees owed by Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of Plaintiffs, shall be paid out of the Settlement Amount and not in addition thereto. Plaintiffs agree to pay all the costs, expenses, and Guardian Ad Litem fees, if any, associated with obtaining court approvals of the settlement on behalf of Plaintiffs. The parties agree that any fees, including fees of any legal Guardian Ad Litem, if any, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for

approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4. Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the settlement, including payment of the Settlement Amount, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including death, or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims,

causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

The Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.

With respect to currently known claims for payment or reimbursement and liens asserted by any individual or entity, Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they, by and through their attorney, will satisfy or resolve any and all such currently known claims for payment or reimbursement and liens before distributing to Plaintiffs any portion of the Settlement Amount.

Plaintiffs and their attorneys further agree that, no later than thirty (30) days from the date the United States has paid the Settlement Amount, Plaintiffs' attorney shall provide to the United States evidence that each known claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's duly authorized designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Plaintiffs must provide the United States with a complete set of the **extant** medical records of M.A.F. (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date Plaintiffs sign this Stipulation. Plaintiffs must provide all such **extant** medical records for said 36-month period before the United States will seek settlement authority from the Attorney General or the Attorney General's designee. As of the date they sign this Stipulation, Plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records,

documents, and information in their possession or available to them, and that, after having conducted said due diligence search, they are unaware of, and have no knowledge of, any such extant medical records that were not previously produced to the United States by Plaintiffs.

  d. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action.   This condition is for the benefit of the United States exclusively.   The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.   Before the United States will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential additional alleged tortfeasors. This Settlement Agreement is only between the United States and Plaintiffs, and Miguel Fernandez, and the Estate. It has no impact or bearing on the suit by Plaintiffs against Lifemark Hospitals of Florida (Palmetto General Hospital), case number 2017-025393 CA 01 (30), or any other potential third party not named herein.

  e. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of Florida or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from

any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of Plaintiffs. Plaintiffs must obtain such release and waiver before the United States will seek settlement authority from the Attorney General or the Attorney General's designee. Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

 f. The United States District Court for the Southern District of Florida must dismiss the United States from this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

 g. Payment of the settlement is subject to there being sufficient funds in the account established by Congress (*e.g.*, 42 U.S.C. §§ 233(k)) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1992 and 1995 (42 U.S.C. §§ 233(g), *et al.*) to pay the settlement in its entirety.

 6. Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they

agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

7. Compliance with all applicable Federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs. This Stipulation is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds, and Plaintiffs acknowledge that the settlement may be subject to taxes, offsets, levies, and liens and they further acknowledge that this Stipulation is executed without reliance on any representation by Defendant as to the application of any such law.

8. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____, 2019.
UNITED STATES OF AMERICA

By: _____
**Lawrence Rosen**
Attorney for Defendant,
United States of America

Executed this \_\_\_19\_\_\_ day of \_\_\_February\_\_\_, 2019.
Richard Sharp, Esq.
ATTORNEY FOR PLAINTIFFS, AND MIGUEL FERNANDEZ, AND THE ESTATE

By: _____
  **Richard Sharp, Esq.**
  Attorney for Plaintiffs and Miguel Fernandez and the Estate

Executed this \_\_\_19\_\_\_ day of \_\_\_February\_\_\_, 2019.
Dayami Hernandez, Individual Plaintiff and as Personal Representative for the Estate of M.A.F.

_____
**Dayami Hernandez,** Individually and as Personal Representative for the Estate of M.A.F.

Executed this __20th__ day of __February__, 2019.
Jessica Fernandez, as Personal Representative for the Estate of M.A.F.

_____
**Jessica Fernandez,** as Personal Representative for the Estate of M.A.F.

Executed this \_\_\_20\_\_\_ day of \_\_February_____, 2019.
Miguel Fernandez, Individually

_____
**Miguel Fernandez**, Individually